IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AVNIEL AWAN ANTHONY, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:20-CV-146-O |
| | § | (NO. 4:16-CR-128-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Came on for consideration the motion of Avniel Awan Anthony, movant, under 28 U.S.C.

§ 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having

considered the motion, the government's response, the reply[1] and other documents filed by

movant, the record, including the record in the underlying criminal case, No. 4:16-CR-128-O, and

applicable authorities, finds that the motion should be denied.

## I. BACKGROUND

The record in the underlying criminal case reflects the following:

On May 18, 2016, movant was named in a one-count indictment charging him with fraud

in a passport application, in violation of 18 U.S.C. § 1542. CR Doc.[2] 11. Movant entered a plea of

not guilty. CR Doc. 15. Thereafter, movant and his counsel signed a factual resume setting forth

the penalties movant faced, the essential elements of the offense, and the stipulated facts

establishing that movant committed the offense charged. CR Doc. 18. On June 14, 2016, movant

---

[1] The Court is not considering the additional arguments made in "Petitioners Response to Governments Motion [sic]," filed June, 2020, and "Petitioners Supplemental Brief in Support of Memorandum of Law," filed October 30, 2020, as they contain new arguments not timely presented. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992).
[2] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-128-O.

entered a plea of guilty. CR Doc. 20. At the rearraignment hearing, movant testified under oath that: He understood that he should never depend or rely upon any promise or statement by anyone, including his attorney, as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, pressure, threats, force, or coercion of any kind; he had discussed with his attorney how the sentencing guidelines might apply in his case; any discussion concerning the guidelines would only be an estimate, not a promise, as to what the guidelines would be; the Court would not be bound by the stipulated facts and could take into account other facts and he might not be permitted to withdraw his plea in such event; the guideline range could not be determined until the presentence report ("PSR") had been completed; he committed the essential elements as set out in the factual resume; he had had sufficient time to discuss the case, the charges against him, and the issue of punishment with his attorney and he was fully satisfied with the representation and advice he received from his attorney;  no one had made any promise or assurance of any kind to him in an effort to induce him to enter a plea of guilty; no one had mentally, physically, or in any other way attempted to force him to plead guilty; he understood that his punishment would be not more than ten years' imprisonment; and, all of the facts stated in his factual resume (with handwritten interlineations) were true and correct. The Court found that the plea was knowing and voluntary. CR Doc. 41.

The probation officer prepared the PSR, which reflected that movant's base offense level was 8. CR Doc. 23, ¶ 28. He received a two-level adjustment for obstruction of justice, *id.* ¶ 32, and a two-level adjustment for recklessly creating a substantial risk of death or serious bodily injury to another in the course of fleeing from law enforcement. *Id.* ¶ 33. He received a two-level reduction for acceptance of responsibility. *Id.* ¶ 36. The PSR also contained an alternative

calculation for denial of acceptance of responsibility. *Id.* ¶¶ 38–48. Based on a total offense level

of 10 and a criminal history category of IV, movant's guideline imprisonment range was 15 to 21

months. *Id.* ¶ 105. The PSR also discussed factors that might warrant departure, *id.* ¶¶ 117–18, and

factors that might warrant a sentence outside the advisory guideline system. *Id.* ¶ 119. Movant

filed objections, CR Doc. 27, and the probation officer prepared an addendum to the PSR. CR Doc.

29. Movant again objected. CR Doc. 31.

On October 3, 2016, movant was sentenced to a term of imprisonment of 72 months. CR

Doc. 35. At the sentencing hearing, the Court considered and sustained movant's objection to his

criminal history, determining that the total offense level should be 10 and criminal history category

III. The Court overruled the other objections. CR Doc. 42. The Court explained that a sentence

outside the guidelines was necessary:

> The defendant has a long history of violence and he has displayed this characteristic
> and tendency following the arrest warrant being issued in this case.
> First, he was found in Mexico because of an altercation he was involved in on the
> beach.
> Second, while being extradited he was yelling and refusing to comply with
> the officer's instructions causing the officers to remove him from the airplane based
> upon their view that he needed to be removed for the safety of other passengers. He
> further had to be sedated to be transported back.
> Additionally, the defendant has a history of this characteristic. He has an
> attempted murder conviction where he shot two people while in custody on this
> conviction. He committed 60 infractions, including striking an officer, creating a
> disturbance, threatening an officer, sexual misconduct, assaulting an officer, and
> fighting. He has also been convicted of aggravated robbery with the use of a gun
> which received - - now received no criminal history points and an assault, bodily
> injury, where he assaulted the son of his girlfriend while his girlfriend hid in her
> bedroom closet.

*Id.* at 10–11. Movant's sentence was to run consecutively to his sentences in two state cases. CR

Doc. 36.

Movant appealed. CR Doc. 37. His sentence was affirmed. *United States v. Anthony*, 693 F. App'x 380 (5th Cir. 2017). He filed a petition for writ of certiorari, which was granted and the case remanded for further consideration in light of *Rosales-Mireles v. United States*, 138 U.S. 1897 (2018). *Anthony v. United States*, 138 S. Ct. 2672 (2018). On remand, the Fifth Circuit again affirmed the judgment, holding that: separate two-level enhancements based on movant's escape attempt while detained at the airport were permissible and not based solely on the same conduct; movant's above-guideline sentence was not unreasonable; and, there was no discrepancy as to whether movant's federal sentence was to run consecutively or concurrently with his state sentences because the Court was silent at sentencing and the statement of reasons clearly reflected the intent that the sentences run consecutively. *United States v. Anthony*, 755 F. App'x 364 (5th Cir. 2018). Movant filed a *pro se* petition for writ of certiorari, which was denied. *Anthony v. United States*, 139 S. Ct. 1576.

## II.  GROUNDS OF THE MOTION

Movant asserts three grounds in support of his motion. First, he says that he was denied effective assistance of counsel because his attorney advised him to plead guilty, failed to contest the enhancements, and failed to make his MHMR history available to the Court. Doc.[3] 1 at PageID[4] 4. In his memorandum, movant makes the additional conclusory allegations that counsel failed to request more time to present evidence and failed to consult with movant after sentencing concerning the appeal. Doc. 3 at 6. Second, he says that his plea was not knowing and voluntary with understanding of the consequences. Doc. 1 at PageID 6. And, third, movant maintains that

---

[3] The "Doc. __ " reference is to the number of the item on the docket in this civil action.
[4] The "PageID __ " reference is to the page number assigned by the Court's electronic filing system and is used because the type-written page numbers on the form used by movant are not the actual page numbers of the document.

his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to movant. *Id.* at PageID 7.

## III.  APPLICABLE LEGAL STANDARDS

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

5

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.  ANALYSIS

In support of his first ground, movant alleges that he received ineffective assistance because his attorney (1) advised him to plead guilty instead of going to trial, (2) did not contest the enhancements, and (3) failed to make his MHMR history available to the Court. Doc. 1 at PageID 4. In his memorandum, he additionally alleges that counsel declined to seek an extension

6

of time to submit evidence contesting the enhancements. He also mentions that counsel failed to consult with him after sentencing concerning the appeal. Doc. 3 at 2, 5–6. The allegations are wholly conclusory and unsupported.

As discussed, *infra*, the contention that movant's plea was not knowing and voluntary is belied by the record. Movant has not shown that counsel was ineffective in advising him to plead guilty. Movant received the benefit of acceptance of responsibility. He has not shown that the outcome of the proceedings would have been favorable had he gone to trial. *Strickland*, 466 U.S. at 687.

The facts and procedural history of the enhancements are set forth in the Fifth Circuit's opinion on remand. For the reasons discussed therein, the enhancements were supported and appropriate. *Anthony*, 755 F. App'x at 366–69. Movant contends that the events giving rise to the enhancements did not occur. He made the same statements at sentencing and the Court was not persuaded. The Court was entitled to rely on the PSR, which established the basis for the enhancements. *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). Movant has not made any attempt to show, and has not shown, that the result of the proceedings would have been different had counsel pursued the matter.[5]

Movant next complains that counsel failed to make his mental health history available to the Court. Doc. 1 at PagID 4; Doc. 3 at 4. The allegation is wholly conclusory and movant does not identify what evidence could and should have been presented that would have altered the

---

[5] Movant seems to be under the misimpression that the Court gave counsel an opportunity to gather evidence to present or disprove the enhancements, but counsel declined. Doc. 3 at 2. Counsel had objected to a sentencing variance, but later withdrew the objection when he realized that notice had been given in the PSR. CR Doc. 42 at 12–13. As the government notes, notice would not have been required anyway. Doc. 8 at 14 n.5 (citing *Irizarry v. United States*, 553 U.S. 708 (2008)).

outcome. The Court was made aware of movant's mental health problems through the PSR. CR Doc. 23, ¶ 90.

Movant also states that counsel failed to consult him after sentencing concerning the appeal. Doc. 3 at 6. He does not provide any further detail or any argument. In answer to a question on the form § 2255 motion inquiring why he did not raise his first ground on appeal, movant responded: "Because I had another court appointed appeal counsel who filed without consulting me and who refused my request to raise these arguments." Doc. 1 at PageID 5. Again, movant has not shown that had any particular issue been raised, it would have been successful. As it was, movant's appellate counsel was wise to proceed as he did, achieving a rare grant of certiorari on movant's behalf. *See Dorsey v. Stephens*, 720 F.3d 309, 320 (5th Cir. 2013)(where counsel files a merits brief, the defendant must show that a particular nonfrivolous issue was clearly stronger than the issues counsel did present).

In his second ground, movant alleges that his conviction was obtained by a plea of guilt that was unlawfully induced or not made voluntarily with understanding of the consequences. In support of this ground, movant alleges that he did not know he was pleading guilty to "all counts enhancements in the presentence report." Doc. 1 at PageID 6. In other words, movant claims that he did not know he would be held accountable for all of his conduct.

Movant testified under oath at rearraignment that he understood: that he should never depend or rely upon any statement or promise as to what penalty would be assessed against him; his guideline range could not be determined until the PSR was prepared; and that the Court could take into account facts other than the stipulated facts and that movant would not have a right to withdraw his plea if his sentence was more severe than he anticipated. CR Doc. 41. Movant's

solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his factual resume. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985).

Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). The Court so found. CR Doc. 41. Other than his conclusory allegation to the contrary, movant has made no attempt to show otherwise. And, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for counsel's alleged failure to properly advise him. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

In his third ground, movant says that his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him. Doc. 1 at PageID 7. He does not identify the evidence. His conclusory allegation is insufficient to state a ground for relief. *See Darden v.* Wainright, 477 U.S. 168, 181 (1986)(prosecutorial misconduct only arises to the level of a constitutional violation if the act so infected the trial with unfairness as to make the resulting conviction a denial of due process). Moreover, the ground could and should have been raised on appeal. Movant has made no attempt to show cause and prejudice for the failure to do so. *Shaid*, 937 F.2d at 232.

Finally, the Court notes that movant has filed a number of discovery motions. *See* Docs. 10, 11, 12, 19. Having considered the record and the government's response to the first set of motions, Doc. 18, the Court finds that movant has not shown that he is entitled to undertake discovery. Rather, it is obvious that he wishes to conduct a fishing expedition. *See Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996). For the reasons discussed herein, movant's § 2255

9

motion has no merit. Additional discovery would not help. *United States v. Webster*, 392 F.3d 787, 801–02 (5th Cir. 2004). Movant's motion is based on conclusory allegations and contentions that in the face of the record are wholly incredible. He is not entitled to discovery or a hearing. *Perillo*, 79 F.3d at 444; *United States v. Trevino*, 554 F. App'x 289, 295 (5th Cir. 2014).

## V.  CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED** as are his motions for leave to conduct discovery.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 2nd day of March, 2021.


_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**